UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL CRAWFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:14-cv-1285-WTL-MJD |
| ) | |
| SUPERINTENDENT, New Castle ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Michael Crawford for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCN 14-03-0046. For the reasons explained in this Entry, Crawford's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v.*

*McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B.  The Disciplinary Proceeding

On March 20, 2014, Officer C. Vought of the New Castle Correctional Facility wrote a Report of Conduct in case number NCN 14-03-0046 charging Crawford with attempted trafficking. The conduct report states the following:

> [O]n the above date and approximate time I Ofc. C. Vought was escorting the nurse for med pass in (o-1) at which time Off Crawford, M #966657 o1-113A state. I kept your ass from getting kicked so you have to bring me in a can of "dip." I Ofc. Vought told him not that I would never do that and walked away and reported it to my immediate supervisor.

On March 21, 2014, Crawford was charged with attempted trafficking and served with the Notice of Disciplinary Hearing (Screening Report). The screening report notified Crawford of his rights. He pled not guilty, requested 24-hours' notice of his hearing, and asked for a lay advocate. Crawford did not wish to call any witnesses or request physical evidence. However, it appears that Crawford requested video evidence for the hearing, and, although Crawford was not permitted to view the video, facility officials viewed footage taken at the time of the incident and provided a summary.

On March 22, 2014, a hearing officer conducted a disciplinary hearing in Crawford's case. Officer N. Moore agreed to serve as Crawford's lay advocate. Lt. Storms provided a description of what occurred on the security video(s), writing:

> I, Lt. Storms observed Ofc. C. Vought and Nurse McKinger enter pod O1 at approximately 2037 hours to conduct the unit p.m. medication pass. At approximately 2041 hours, I observed Ofc. Vought and Nurse McKing walk from the area O1-108 to O1-114/115 to pass medication to offenders assigned in one of the two cells, Video is inconclusive if Off. Crawford was at his cell door or if any statement was made to Ofc. C. Vought due to cameras do not record sound. Ofc. C. Vought did walk past O-1-113 but not directly in front of the door, rather on the

>dayroom side of the staircase as he proceeded with the nurse to O1- 114/115 area. Ofc. C. Vought was on shift the night of the alleged conduct.
>
>At the hearing, Offender Crawford stated:
>
>I am not guilty! The officer was not here the night the, report was written. The officer exposed himself to me when he dropped something beside his glove. The officer is lying, he is a hypocrite[e]. How would I know anything about dip. I was "f***ing" with him. This officer is a dirty M.F'er [sic]. I was joking when I said I own you. He comes to work and wants to act like my friend. I would ask you Lt. before I asked would [have asked] him to traffic, I have never received anything from him. I have access to big money on the street.

At the conclusion of the proceeding, the hearing officer found Crawford guilty of attempted trafficking based on staff reports, Crawford's statement, and the video evidence. Based upon the hearing officer's recommendations, the following sanctions were imposed: a written reprimand, a 45-day phone and commissary restriction, six months of segregation, and a 180-day good credit time loss.

Crawford appealed the disciplinary conviction to the head of the New Castle Correctional Facility, and to the Department of Correction without success. He then filed this petition for writ of habeas corpus.

### C. Analysis

In his Petition, Crawford challenges the sufficiency of the evidence used to convict him. He also asserts that he was denied due process because he was not allowed to call particular witnesses, did not have an impartial decision maker, and did not agree to have Officer Moore serve as his lay advocate.

#### 1. Sufficiency of the Evidence

First, contrary to Crawford's assertion there was sufficient evidence to find him guilty. Offense code 111 defines Conspiracy/Attempting/Aiding or Abetting as: "Attempting or conspiring or aiding and abetting with another to commit any Class A offense"; code 113 defines

trafficking as follows: "Engaging in trafficking (as defined in IC 35-44-3-9) with anyone who is not an offender residing in the same facility. Under Ind. Code § 35-44-3-9(b), trafficking is defined, in relevant part, as follows:

> [A] person who, without the prior authorization of the person in charge of a penal facility or juvenile facility knowingly or intentionally: (1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility . . . commits trafficking with an inmate, a Class A misdemeanor.

The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). It is well settled that a conduct report alone may provide "some evidence" of guilt." *Id.* at 786. In this case, the conduct report states that Crawford tried to bargain with Vought, an officer at the New Castle facility, to bring Crawford tobacco dip, when he stated: "I kept your ass from getting kicked so you have to bring me in a can of 'dip'." Although Officer Vought's testimony from the conduct report would be sufficient, Crawford's statements at the disciplinary hearing also support the fact that he made the above statement because Crawford stated during his hearing, "How would I know anything about dip. I was 'f***ing' with [Officer Vought]."

Accordingly, at least some evidence was presented in order to find Crawford guilty of attempted trafficking. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.").

### 2. Due Process

Crawford was given all of the due process protections he was entitled to receive. Crawford was notified in writing of the charges against him through the issuance of the screening report 24 hours in advance of his hearing, he had an opportunity to present evidence in his defense, and he received a copy of the written decision against him. Crawford asserts that he was denied due process because (1) he was not allowed to call particular witnesses, (2) he did not have an impartial decision maker, and (3) he did not agree to have Officer Moore serve as his lay advocate. Each of these claims is without merit.

First, there is no evidence that Offender Crawford was not given the opportunity to select witnesses to present testimony in support of his defense. However, Crawford chose not include among his requested witnesses nurse McKing or offender Tyler Sellers during screening. Due process is not violated if the inmate fails to request specific evidence during screening. *Sweeney v. Parke*, 113 F.3d 716, 719-20 (7th Cir. 1997), *overturned on other grounds in White v. Ind. Parole Bd.*, 266 F.3d 759, 765-66 (7th Cir. 2001).

Second, there is no evidence to support Crawford's claim that he did not have an impartial decision maker. Adjudicators in prison disciplinary proceedings are "entitled to a presumption of honesty and integrity." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Where an official is substantially involved in the underlying incident and also acts as a decision maker in the disciplinary proceedings, due process is violated. *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir. 1995). There is no basis to conclude that the hearing officer was involved in the underlying incident.

Finally, Crawford claims that he was denied due process because he did not agree to have Officer Moore as his lay advocate. However, there is no due process right to a lay advocate in a prison disciplinary hearing, let alone the right to select a particular advocate.

## Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Crawford to the relief he seeks. Accordingly, Crawford's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/25/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL CRAWFORD
966657
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel